UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALEXANDER DIMITIJEVIC, | § | |
|    *Plaintiff*, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-04-3457 |
| | § | |
| TV&C GP HOLDING INC., | § | |
|    *Defendant*. | § | |

## ORDER

This employment case is before the court[1] on plaintiff's motion to compel production of documents (Dkt. 31). After a hearing on August 23, 2005, and upon consideration of the parties' submissions and legal authorities, the court grants the motion in part and denies it in part. Specifically, the court orders as follows[2]:

1. Defendant is to produce its training videotape on harassment and the content of its web-based training site (either through production of hard-copies or in electronic form).

2. Defendant is to conduct a further document search to determine whether every procedural memorandum relating to handling of calls to the 1-800

---

[1] This case has been referred to this magistrate court for all pretrial matters.

[2] The paragraph numbers below correspond to the numbered categories in footnote 5 of plaintiff's motion to compel. Although the categories listed in footnote 5 are very general, at the August 23 hearing plaintiff's counsel identified with more specificity the documents he was requesting in each category.

concern line, including the manual referenced by Steve Clutter in his deposition, if it exists, have been produced. If no documents exist that have not been produced, defendant shall provide an affidavit to that effect from a person with knowledge of the search.

3. Document Request Nos. 1-11 seek documents related to defendant's operations in the Houston area, and are intended to develop jurisdictional facts regarding the defendant's principal place of business. Because this issue will be addressed in a separate hearing before the court, the motion to compel responses to those requests is denied at this time.

4. Defendant shall produce disciplinary reports and performance appraisals from the personnel files of all Houston warehousemen and VAC employees other than sales and administrative/clerical employees.

5. Defendant shall conduct a further search to ensure that all e-mails to or from Austin and Hosford relating to Dimitrijevic have been produced. If no such documents exist, defendant shall provide an affidavit from a person with knowledge to that effect. If such documents existed at one time but are no longer available, the affidavit must explain why.

6.  Defendant shall produce EEO-1 reports for the last five years covering the Tyco business unit that employed Dimitrijevic.

Defendant shall produce the documents required by this Order on or before September 1, 2005. All relief not specifically set forth above is denied.

Signed on August 24, 2005, at Houston, Texas.

Stephen Wm Smith
United States Magistrate Judge